UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dwayne Williams, | ) C/A No. 6:10-1591-TLW-KFM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Samuel B. Glover;<br>Robert M. Steward;<br>Barbara A. Scott;<br>Jon E. Ozmint;<br>John and Jane Doe's, et al., | ) |
| Defendants. | ) |

The Plaintiff, Dwayne Williams ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names government employees as defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted against the defendants.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

### **Background**

Plaintiff alleges "that there is a sex-conduct-conviction that is on his record, and that there is also a warrant #DP05118 and indictment #05-GS-40-2995 that was placed there also." *See* Complaint, page 2. Plaintiff states that he has been incarcerated since 1993 and, therefore, could not have committed the sex crime reflected in the warrant and indictment. *Id*. at 4. *See also* Entry No. 1-3, page 7. Thus, Plaintiff believes the defendants were involved in a "civil conspiracy" to "plant" a sex charge on Plaintiff's record. *Id*. at 3, 5.

2

Plaintiff also complains that defendant Jon E. Ozmint was "grossly negligent" and subjected the Plaintiff to slander, libel, and due process violations when this defendant "failed to act" or "take corrective action" regarding the allegedly false charge. *Id*. at 2-3. *See also* Entry No. 1-3, pages 9,10. Plaintiff names defendant Barbara A. Scott, Richland County Clerk of Court, for failing to mail Plaintiff a copy of the warrant and indictment relating to the alleged false sex charge/conviction. *Id.* at 3. *See also* Entry No. 1-3, pages 10, 11. Instead, Plaintiff states that defendant Scott mailed the documents to Plaintiff's public defender, who never contacted Plaintiff about the charge. *Id.*

Defendant Samuel B. Glover allegedly violated the ex post-facto clause by applying "a 1982 non-violent offense retroactively toward's a 1986 omnibus crime act" and failed to provide Plaintiff with a parole hearing. *Id*. at 2. *See also* Entry No. 1-3, page 6 (alleging deprivation of parole eligibility date for four years). Defendant Robert M. Steward is named for entering "Plaintiff's name and face on the world-wide internet" as an offender on the South Carolina Sex Offender Registry.[3] *Id.* at 4-5. *See also* Entry No. 1-3, page 13. The defendants identified only as John and Jane Doe allegedly conspired and committed perjury "to plant a sex charge on the Plaintiff, and make him sign the sex offender registry for life." *Id.* at 5. *See also* Entry No. 1-3, page 14. The unidentified defendants are also named for failing to inform Plaintiff of the charges against him prior to trial/ conviction, and

---

[3] The defendant listed in the complaint's caption as "Robert M. Steward" is also identified as "Robert M. Stewart" in some portions of the pleadings.

enhancing Plaintiff's sentence "to force him to register as a sex-offender." *Id.* at 6. Plaintiff seeks monetary damages as well as injunctive relief. *See* Complaint, page 8.[4]

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Plaintiff has previously brought an action in this District Court under § 1983, seeking damages, which involves some of the same defendants and asserts nearly identical allegations as the instant action. *See Dwayne Williams v. Samuel B. Golver, et al.*, Civil Action No. 6:07-3992-TLW-WMC (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take

---

[4] It is noted that Plaintiff provides one allegation against Richland County in an attachment to the standard complaint form. *See* Entry No. 1-3, page 15. However, as Plaintiff failed to name Richland County as a defendant on the standard complaint form, and failed to submit any service documents for Richland County, this entity has not been listed as a defendant on the Court's docket.

4

judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This Court takes judicial notice of Civil Action No. (C/A No.) 6:07-3992-TLW-WMC (also referred to herein as "Plaintiff's previous or prior case.")

Plaintiff's prior case, which named Samuel B. Glover, Robert M. Steward, and John/Jane Doe as defendants, was dismissed without prejudice for failure to state a claim upon which relief could be granted on January 16, 2009.[5] As in the instant action, the complaint in Plaintiff's prior case raised issues based on Plaintiff's lack of a parole hearing and placement on the state sex offender registry. The previous complaint stated Plaintiff was "deprived of a liberty interest for (4) four years before he was able to get back his parole date." *See* C/A No. 6:07-3992-TLW-WMC, Complaint, page 3. The allegations against Defendant Glover stated "Samuel B. Glover's agency committed an ex-post facto clause violation, when they applied a 1982 non-violent offense retroactively toward's a 1986 omnibus crime act." *Id*. Similarly, the previous case alleged "Robert M. Steward's agency's arbitrarily entered the plaintiff's name and face on the world-wide internet" apparently referring to Plaintiff's inclusion on the state sex offender registry based on Plaintiff's kidnapping charge.[6] *Id.* at 4. The prior complaint stated that defendant John or Jane Doe "deprived plaintiff of his 6th Amendment right to a trial" based on the allegation that unknown individuals "planted a warrant number #DP05118" and a "indictment number #05-GS-40-2995" from an alleged sex crime Plaintiff committed in August 2004, into

---

[5] Plaintiff appealed the Court's decision in the prior case to the Fourth Circuit Court of Appeals, which dismissed the appeal on April 2, 2009.

[6] S.C. Code Ann. § 23-3-430(C)(15) and (16) defines an offender subject to the Act as a person convicted of, pled guilty or nolo contendere to, or been adjudicated delinquent for "kidnapping" in specific circumstances.

Plaintiff's record "without any notice or court hearing." *Id* 3, 4. The prior complaint requested monetary damages, as well as declaratory relief. *Id.* at 6.

The instant action, which is essentially a duplicate filing as it relates to defendants Glover, Steward, Jane Doe, and John Doe, is subject to summary dismissal for the same reasons indicated in the Report and Recommendation issued in Plaintiff's previous action. First, Plaintiff's denial of a parole hearing fails to state a cognizable § 1983 claim, because a state inmate has no constitutionally protected right to parole release. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion, *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir.1977), and a federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir.1996). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure — at most, a statement of reasons for the denial of parole. *Id.* In the instant pleading, Plaintiff has provided insufficient factual allegations to justify the Court's examination of individual state parole decisions by state officials. Therefore, Plaintiff's claim that he was denied parole eligibility is subject to summary dismissal.

Similarly, Plaintiff's ex post facto clause claims regarding Plaintiff's requirement to register as a sex offender in South Carolina are without merit. The ex post facto clause has not been violated by application of the South Carolina Sex Offender Registry Act, S.C. Code Ann. § 23-3-400, *et seq*., to the Plaintiff in this case. "For the ex post facto clause to be applicable, the statute or the provision in question must be criminal or penal in purpose or nature." *State v. Walls*, 558 S.E.2d 524, 526 (S.C. 2002). The South Carolina

Supreme Court has held the ex post facto clause of the United States Constitution is not violated by certain reporting provisions of the South Carolina Sex Offender Registry Act, noting that the statute was not intended to punish, but to assist the government in protecting the public and solving crimes. *Id.* Thus, the instant complaint fails to state a viable ex post facto clause claim.

As in Plaintiff's previous case, many of the defendants named in this action are directors, or former directors, of a state agency or local governmental entity. However, to the extent Plaintiff sues any of the named defendants in their supervisory capacity, the complaint also fails to state a claim under § 1983. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978))*; Vinnedge v. Gibbs*, 550 F.2d 926, 927-928 (4th Cir. 1977). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to a subordinate official's actions which violated a plaintiff's constitutional rights. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). In the instant action, Plaintiff makes no factual allegations against any of the defendants to indicate their authorization or indifference as *supervisors* to a violation of Plaintiff's federal rights by a subordinate employee. Thus, any claim Plaintiff may be alleging based on the defendants' supervisory liability must fail.

Further, although Plaintiff names some of the defendants in their "individual capacity", Plaintiff also names several defendants in their official capacity as well. *See*

Entry No. 1-3, pages 3, 4. However, a § 1983 action against a state official in his official capacity is a suit against the official's office, which is the same as suit against the State. *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir.1989). The State has immunity from suit for damages pursuant to the Eleventh Amendment of the United States Constitution. A State must expressly consent to suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984), and the State of South Carolina has specifically denied consent to suit in federal district court. *See* S. C. Code Ann. § 15-78-20(e). Additionally, as stated in the previous case's report and recommendation, official capacity claims can be dismissed because defendants sued in their official capacity are not a "person" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 US 58, 70-71 (1989). Thus, Plaintiff's claims against the defendants in their official capacity should be dismissed.

Also discussed in the report and recommendation prepared in Plaintiff's previous case are the instant complaint's allegations that "an unknown defendant placed inaccurate information, either intentionally or negligently, in Plaintiff's record." *See* C/A No. 6:07-3992-TLW-WMC, Entry No. 9, page 6. Inaccurate information "in a record kept by a state agency generally is a matter of state law and no federal or constitutional right is implicated by such an allegation. . . . At most, a state law issue may be raised, which is not subject to federal jurisdiction, except in limited circumstances not present in this case."[7] *Id.* at 6-7.

---

[7] State law claims can be brought in federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), which requires complete diversity of parties in a case. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This case lacks complete diversity of parties. State law claims can also be considered through the
(continued...)

Therefore, Plaintiff's claim that incorrect information was placed on his SCDC record by unspecified individuals does not state a cognizable claim under § 1983.

Next, Plaintiff's claims regarding the defendants' involvement in a civil conspiracy to "plant" a false conviction on Plaintiff's record and force Plaintiff to register as a sex offender are subject to summary dismissal. In order to maintain an action under 42 U.S.C. §1985(3), a plaintiff must satisfy four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Griffin v. Breckenridge,* 403 U.S. 88, 102-103 (1971). The Supreme Court has further held that, in addition to the above criteria, a Plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus". *Id.* at 102. *See also Trerice v. Summons*, 755 F.2d 1081, 1084 (4th Cir. 1985). Although Plaintiff claims the defendants conspired against him due to his race, he fails to provide any specific facts to demonstrate that the separate actions of the identified and unidentified defendants were performed in conjunction. Plaintiff's conclusory statements regarding a conspiracy between the defendants, absent any factual support, are insufficient to allege a cause of action arising under 42 U.S.C. § 1985(3). As the Supreme

---

[7](...continued)
exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims. 28 U.S.C. § 1367(a); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). As discussed herein, Plaintiff has not stated a viable federal claim to which a state claim could attach. Title 28 U.S.C. § 1367(a) requires state claims to be "so related" to the federal claims "that they form part of the same case or controversy."

Court recently stated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'") *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Thus, Plaintiff's conspiracy claim must fail.

Finally, Plaintiff lists two additional defendants in this action, Jon E. Ozmint and Barbara A. Scott. Plaintiff, in addition to the above mentioned conspiracy claim, alleges that these two defendants "failed to act." *See* Complaint, pages 2, 3. Plaintiff states Defendant Ozmint, Director of SCDC, failed to "take corrective action" regarding the allegedly incorrect information contained in Plaintiff's institutional record. *Id.* at 2. Defendant Scott, the Richland County Clerk of Court, is named for failing to forward a copy of the warrant and indictment, related to the Richland County sex crime, to Plaintiff as requested. *Id.* at 3. Instead, Plaintiff states defendant Scott wrote Plaintiff a letter indicating that she mailed copies of the documents to Plaintiff's assigned public defender. *Id.* At best, Plaintiff's claims against these two defendants may state a claim of negligence. In fact, Plaintiff alleges that defendant Ozmint's actions were "grossly negligent." *Id.* However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). As negligence is not a constitutional violation which

states a claim under § 1983, Plaintiff's allegations regarding the inaction of defendants Ozmint and Scott should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## **Recommendation**

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

July 12, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).