IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dwayne Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 6:10-cv-1591-TLW-KFM |
| | ) | |
| Samuel B. Glover; Robert M. Steward; | ) | |
| Barbara A. Scott; Jon E. Ozmint; John | ) | |
| and Jane Doe's, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

The plaintiff, Dwayne Williams ("plaintiff"), brought this civil action, pro se, pursuant to 42

U.S.C. § 1983 on June 21, 2010.  (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the

Report") filed by United States Magistrate Judge Kevin F. McDonald to whom this case had

previously been assigned.  (Doc. # 11).  In the Report, the Magistrate Judge recommends that the

District Court dismiss the complaint in this case without prejudice and without issuance of service

of process.  (Doc. # 11).  The plaintiff filed objections to the Report.  (Doc. # 13).  In conducting this

review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections . . . .  The Court is not bound by the recommendation of
> the magistrate judge but, instead, retains responsibility for the final determination.
> The Court is required to make a de novo determination of those portions of the report
> or specified findings or recommendation as to which an objection is made.  However,
> the Court is not required to review, under a de novo or any other standard, the factual
> or legal conclusions of the magistrate judge as to those portions of the Report and
> Recommendation to which no objections are addressed.  While the level of scrutiny

1

entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Dismissal of the plaintiff's claims against defendant Samuel B. Glover in his individual capacity relating to the State of South Carolina's decision not to provide the plaintiff with a parole hearing is appropriate. As the Fourth Circuit noted in Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996), even when a parole statute establishes a liberty interest, "inmates are entitled to no more than minimal procedure." The plaintiff has not provided sufficient factual allegations to justify this Court's examination of individual state parole decisions by state officials. Dismissal of the plaintiff's claim against defendant Glover for violating "the plaintiff's due process right to the ex post facto clause" by "applying a 1983-attempted robbery conviction retroactively towards a 1986-omnibus crime act" is appropriate for the same reason because the claim is an attempt to invalidate the basis for the decision not to provide a parole hearing. This claim is also subject to dismissal because insufficient factual allegations are provided to justify an examination into Glover's individual conduct. The plaintiff's claims against Glover in his official capacity and against his agency are barred by the Eleventh Amendment of the United States Constitution.

In addition, construing the plaintiff's complaint as alleging a civil rights conspiracy under 42 U.S.C. § 1983, such a claim is subject to dismissal for the same reasons the Magistrate Judge cites in the Report for recommending dismissal of the plaintiff's conspiracy claim under 42 U.S.C. § 1985(3). More specifically, the plaintiff's conclusory statements regarding a conspiracy between the

2

defendants, absent any factual support, are insufficient to allege a cause of action for a civil rights conspiracy under 42 U.S.C. § 1983. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 11). Therefore, for the reasons articulated by the Magistrate Judge, the complaint in this case is **DISMISSED** without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

July 11, 2011
Florence, South Carolina